NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL A. SALAS,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1214

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-7304, Judge Joseph L. Toth.

---

Decided:  June 9, 2022

---

MICHAEL A. SALAS, San Antonio, TX, pro se.

KELLY GEDDES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM; AMANDA BLACKMON, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, PROST, and STARK, *Circuit Judges.*

PER CURIAM.

Michael A. Salas appeals a judgment of the Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals ("Board") that denied him an increased rating for his ankle disability. As explained below, Mr. Salas raises no issues within our jurisdiction. We therefore dismiss.

## BACKGROUND

Mr. Salas served on active duty in the U.S. Navy from July 1977 to December 1980. U.S. Appx. 12.[1] In 2011, the Board granted Mr. Salas service connection for a right-ankle disability, and the Department of Veterans Affairs ("VA") assigned him a 10% disability rating in 2012, with an effective date of January 12, 2006. U.S. Appx. 53–54. In 2014, after Mr. Salas filed a notice of disagreement, the VA increased this disability rating to 20%, the maximum rating available under the applicable diagnostic code. U.S. Appx. 48. Mr. Salas then appealed to the Board, which remanded in 2018 for additional development. U.S. Appx. 43–47. On remand, the VA denied entitlement to an increased rating. U.S. Appx. 24. The Board affirmed the VA, U.S. Appx. 13–16, and, in a single-judge decision, the Veterans Court affirmed the Board, U.S. Appx. 7–11. When Mr. Salas moved for reconsideration and, alternatively, for a decision by a three-judge panel, the Veterans Court ordered supplemental briefing on the implications of one of its intervening decisions,[2] granted Mr. Salas's motion for a panel decision, and entered judgment by adopting

---

[1] "U.S. Appx." refers to the appendix that the government submitted in this appeal.

[2] *Chavis v. McDonough*, 34 Vet. App. 1 (2021).

the prior single-judge decision.  U.S. Appx. 2.  Mr. Salas appeals.  For the below reasons, we lack jurisdiction.

## DISCUSSION

Our jurisdiction over Veterans Court decisions is limited.  We have "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a [Veterans Court] decision."  38 U.S.C. § 7292(c).  And "except to the extent that an appeal . . . presents a constitutional issue," we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).  Here, Mr. Salas raises no issues within our jurisdiction.

In contending that the Veterans Court's decision involved the validity or interpretation of a statute or regulation, Mr. Salas cites 38 U.S.C. § 7261(a)(4), which requires the Veterans Court, "in the case of a finding of material fact adverse to the claimant," to "hold unlawful and set aside or reverse such finding if the finding is clearly erroneous." The Veterans Court's decision, however, did not concern the validity or interpretation of this clear-error standard of review.  Mr. Salas emphasizes that, under this standard of review, the Veterans Court "is not permitted" to "substitute its judgment" for the Board's judgment "on issues of material fact" and that it cannot modify the Board's fact findings "if there is a plausible basis in the record for the [Board's] factual determination."  Appellant's Informal Br. 1 (citing *Gilbert v. Derwinski*, 1 Vet. App. 49, 53 (1990) (discussing "clearly erroneous" standard)); *see also* Appellant's Informal Reply Br. 3.  But the Veterans Court *affirmed* the Board, so this case doesn't present an instance of the Veterans Court improperly substituting its judgment for that of the Board.  Regardless, we lack jurisdiction to review the

Veterans Court's application of the clear-error standard to the facts of a particular case.

Mr. Salas also contends that the Veterans Court decided constitutional issues. Appellant's Informal Br. 2. In support, he alleges that the Veterans Court "[d]enied an initial en banc review for a case involving an 'unrepresented appellant.'" Appellant's Informal Br. 15. Mr. Salas did at one point file a request for "en banc" review of the panel's decision. U.S. Appx. 58–64. But the Veterans Court denied that request as noncompliant. U.S. Appx. 66. This is not a constitutional issue or an issue otherwise within our jurisdiction.

## CONCLUSION

We have considered Mr. Salas's remaining arguments but find them unpersuasive. Because Mr. Salas raises no issues within our limited jurisdiction, we dismiss.

## **DISMISSED**

### COSTS

No costs.